# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEBORAH SCHOWALTER,    :
                  :
      Plaintiff,    :
                  :
    v.           :     CIVIL ACTION NO.
                  :     1:08-CV-0264-JOF
E. A. RIDGE, et al.,    :
                  :
      Defendants.    :

## OPINION AND ORDER

This matter is before the court on Defendants E.A. Ridge, L.H. Wagaman, J.D. Webb, M.D. Cain, Officer Jordan, and Sergeant Algeo's Motion to Dismiss [7] and Plaintiff Deborah Schowalter's Motion to Amend [11].

## I. Background

### A. Procedural and Factual History

This matter arises out of Plaintiff's arrest by City of Atlanta[1] police on January 28, 2006. According to Plaintiff's complaint,[2] Officer Ridge arrived at her front door "to settle a civil dispute." (Cmplt. ¶ 20). Officers Wagaman and Tucker were standing on Plaintiff's front porch with Officer Ridge. A "Ms. Nash" was also on the porch, so that the officers could "properly sort out the dispute." (*Id.*). Officer Ridge knocked on Plaintiff's door; she came to the door, but she did not open it. Plaintiff's door was a "solid wooden door, with the top third of the door divided into transparent glass window panes," and Plaintiff could see that the individuals on her porch were police officers. (*Id.*). Plaintiff stated that she would not open the door unless there was only one officer on the porch with whom she had to speak. Then, Plaintiff began to back away from the front door and move toward the rear door. Officer Ridge knocked on the door again, and Plaintiff returned to the front door. Officer Ridge explained to Plaintiff that she needed to open the door so that he could come

---

[1]Plaintiff's complaint simply identifies the six individual defendants and does not make any representation about what type of law enforcement officers these defendants were, or are, or what government entity with which they are associated. Defendants are represented by City of Atlanta counsel, and their Motion to Dismiss identifies them as City of Atlanta Police employees.

[2]Plaintiff does not describe the encounter on January 28, 2006, other than to declare that it was illegal and contrary to her rights. The description of the incident in Plaintiff's complaint is a quotation from Officer's Ridge's police report. (Cmplt., ¶ 20).

AO 72A
(Rev.8/82)

inside and properly talk about "the situation." He conveyed that if she did not cooperate, the officers would have to make a forced entry into her home. Plaintiff refused to open the door and said she would call a supervisor. Officer Ridge notified his supervisor, Sergeant Algeo, about Plaintiff's request and asked for his assistance on site. Sergeant Algeo arrived with Officer Jordan and proceeded to knock on Plaintiff's door and identify himself as a supervisor. Plaintiff again refused to open the door, and Sergeant Algeo repeated Officer Ridge's warning that the officers would make a forced entry. He indicated that the officers would arrest her for "obstructing [their] lawful duties." (Cmplt. ¶ 20). Plaintiff continued to refuse, and Sergeant Algeo asked her to step away from the door. He and Officer Wagaman kicked open the front door. Once they had done so, Plaintiff grabbed her keys and moved toward the back door. Plaintiff's complaint contains no additional description of the incident or what occurred after she moved toward the back door. Plaintiff's complaint states that the "criminal charges against Plaintiff were later dismissed." (*Id.* ¶ 13). Plaintiff mentions both a simple battery charge and a charge of obstruction in her complaint; it is unclear to the court to which charges she is referring.

Plaintiff filed her complaint on January 14, 2008, slightly less than two years after the incident. She alleges both federal and state causes of action. First, Plaintiff alleges that she "was arrested without a warrant or probable cause for simple battery and obstruction of an officer by the Defendants named herein" in violation of the Fourth and Fourteenth

3

Amendments of the United States Constitution. (*Id.* ¶ 8). Plaintiff avers that her home "was illegally searched by these Defendants without a warrant and without probable cause" in violation of her Fourth Amendment right to be free from unreasonable search and seizure. (*Id.* ¶ 19). Plaintiff insists that she is entitled to punitive damages and that all the Defendants engaged in conduct that was callous and recklessly indifferent to her constitutional rights. Plaintiff demands reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Next, Plaintiff contends that her arrest violated Article I, Section I, Paragraphs 1 and 13 of the Georgia Constitution, and the search of her home violated Article I, Section I, ¶ 13 of the same. Plaintiff demands attorney's fees because of the "nature of the intentional tort." (*Id.* ¶ 28). Plaintiff asserts that Defendants "illegally detained [her] thereby falsely imprisoning her," that Defendants "unlawfully intruded into [her] home, seclusion and solitude" and that Defendants' actions "constitute an unlawful interference with and an invasion of [her] rights in her home." (*Id.* ¶¶ 32, 34, 36). She submitted that the Defendants' actions showed willful misconduct, wantonness, oppression and an entire want of care, making the Defendants consciously indifferent to the consequences of their actions.

Defendants answered on March 20, 2008, with a full denial and asserted that Plaintiff's complaint failed to state a claim on which relief could be granted and that all Defendants were protected by qualified immunity and official immunity under O.C.G.A.

4

§§ 36-33-1[3] and 36-33-3.  Defendants filed the instant motion to dismiss on March 30, 2008, which the parties have fully briefed.  On April 9, 2008, Plaintiff filed the instant motion to amend.

### B.    Contentions

Defendants contend that the Eleventh Circuit applies a heightened pleading standard in section 1983 actions brought against individuals to whom qualified immunity is an available defense.  Even if this heightened pleading standard does not apply, Defendants maintain that Plaintiff has met neither a heightened pleading standard nor the more lenient standard under Rule 8.  Defendants insist that Plaintiff has failed to state a claim under the Fourteenth Amendment because all of Plaintiff's allegations should be analyzed under a Fourth Amendment rubric.  Defendants aver Plaintiff has failed to state a claim under the Fourth Amendment against Ms. Cain and Officers Ridge, Jordan, and Webb because she has not identified these defendants in her complaint or explained how they were involved in a violation of her rights.  Defendants maintain that under a heightened pleading standard Defendants Webb, Ridge, and Jordan are entitled to qualified immunity on Plaintiff's Fourth Amendment claims because at the time of the incident they were acting in their discretionary

---

[3]"Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers.  For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." O.C.G.A. § 36-33-1(b).  "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."  *Id.* § 36-33-3.

AO 72A
(Rev.8/82)

capacity, and Plaintiff has failed to allege that they did not take reasonable steps to prevent any injury. Finally, Defendants insist that they are all entitled to official immunity with regard to Plaintiff's state law claims.

Plaintiff insists that there is no heightened pleading standard in section 1983 cases and that regardless, she has met any kind of heightened pleading standard that might exist. She maintains that she has properly alleged a Fourteenth Amendment claim for illegal arrest as well as claims under the Fourth Amendment. Plaintiff avers that Defendants are not entitled to a defense of qualified immunity because (1) Defendants were not acting pursuant to their official duties when they attempted to forcibly resolve a civil dispute; (2) the officers that stood by while Defendant Ridge kicked in the door are liable for being part of the illegal arrest by failing to prevent it; and (3) if the court looks at the facts in the complaint in the light most favorable to Plaintiff, it is clear that Defendants acted contrary to clearly established law. With respect to Defendants' official immunity, Plaintiff contends that Defendants' actions were ministerial and they acted solely to cause injury.

## II.    Discussion

The Eleventh Circuit has repeatedly found that district courts have a supervisory obligation to scrutinize party pleadings and *sua sponte* order repleading pursuant to Fed. R. Civ. P. 12(e) if necessary. *See Wagner v. First Horizon Pharm. Co.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Here, Defendants have answered and have not moved the court to require

6

that Plaintiff replead her complaint; regardless, this court has serious concerns about the adequacy of Plaintiff's complaint. The court will address the correct pleading standard for Plaintiff's complaint and whether Plaintiff has met this standard for each of her seven claims against each of the six defendants.

### A.    The correct pleading standard

Generally, under Fed. R. Civ. P. Rule 8(a)(c), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, Plaintiff's plain statement must contain "enough facts to state a claim to relief that is plausible on its face" and enough facts to "give [Defendants] fair notice of what [her] claim[s] [are] and the grounds upon which [they] rest[]." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). The parties agree that this pleading standard applies to Plaintiff's state law claims for false imprisonment, intrusion upon solitude, invasion of property rights, and violations of Article I, Section 1, Paragraphs 1 and 13 of the Georgia Constitution. The parties disagree as to whether this standard applies to Plaintiff's section 1983 claims under the Fourth and Fourteenth Amendments.

More than fifteen years ago "in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims," the Eleventh Circuit, along with other courts, tightened the application of Rule 8 to section 1983 cases. *See Oladeinde v. Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992).

7

Under this heightened pleading standard, plaintiffs were required to provide "some factual detail" in addition to plain statements showing that they were entitled to relief. *Id.* The Eleventh Circuit found such additional "factual detail" useful in section 1983 cases in order to make qualified immunity determinations at the motion to dismiss stage and to prevent officials from enduring unnecessary discovery. *Id.*

In 1993, the Supreme Court decided *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), and held that courts could not impose a heightened pleading standard in section 1983 actions against municipal entities. The Court specifically declined to reach the issue of whether its holding applied in cases against individual defendants, and the Eleventh Circuit continued to apply a heightened standard to some section 1983 cases. 507 U.S. at 167 ("We thus have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials"); *see Laurie v. Alabama Court of Crim. Appeals*, 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("Heightened pleading is the law of this circuit when § 1983 claims are asserted against government officials in their individual capacities."); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) (recognizing a heightened pleading standard in individual government official cases).

The Supreme Court has decided two cases since *Leatherman* relevant to this issue. In 1998, the Supreme Court decided *Crawford-El v. Britton*, 523 U.S. 574 (1998),

8

addressing how a section 1983 plaintiff must allege unconstitutional motive. The Court stated:

> In the past we have consistently declined similar invitations to revise established rules that are separate from the qualified immunity defense. We refused to change the Federal Rules governing pleading by requiring the plaintiff to anticipate the immunity defense, or requiring pleadings of heightened specificity in cases alleging municipal liability . . . .

> As we have noted, the Court of Appeals adopted a heightened proof standard in large part to reduce the availability of discovery in actions that require proof of motive. To the extent that the court was concerned with this procedural issue, our cases demonstrate that questions regarding pleading, discovery, and summary judgment are most frequently and most effectively resolved either by the rulemaking process or the legislative process.

523 U.S. at 595 (citations omitted). In 2002, the Supreme Court decided *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), and held that "complaints in [employment discrimination] cases, as in most others, must satisfy only the simple requirements of Rule 8(a)." 534 U.S. at 513. In reaching its holding the court stated:

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: "The Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated action any reference to complaints alleging municipal liability under § 1983 . . . ." Just as Rule 9(b) makes no mention of municipal liability under § 1983, neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).

534 U.S. at 513.

AO 72A
(Rev.8/82)

A number of Circuit Courts of Appeal have relied upon the language in *Swierkiewicz*

and *Crawford* to reject a heightened pleading standard in section 1983 individual official

cases. *See, e.g.*, *Doe v. Cassel*, 403 F.3d 986, 988-89 (8th Cir. 2005) (holding that the only

permissible heightened pleading requirements in civil suits are those contained in the

Federal Rules of Civil Procedure or those in federal statutes enacted by Congress);

*Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir. 2004)

("The handwriting is on the wall. *Swierkiewicz* has sounded the death knell for the

imposition of a heightened pleading standard except in cases in which either a federal statute

or specific Civil Rule requires that result."); *Alston v. Parker*, 363 F.3d 229, 233-35 (3rd Cir.

2004) ("[A] fact-pleading requirement for civil rights complaints has been rejected by the

Supreme Court in no uncertain terms."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir.

2002) (using notice pleading in a section 1983 action for violation of the Eighth

Amendment); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002)

("[N]early all of the circuits have now disapproved any heightened pleading standard in

cases other than those governed by Rule 9(b)."); *Goad v. Mitchell*, 297 F.3d 497, 501-05

(6th Cir. 2002); ("We conclude that the Supreme Court's decision in *Crawford-El*

invalidates the heightened pleading requirement."); *Higgs v. Carver*, 286 F.3d 437, 439 (7th

Cir. 2002) (holding no special pleading rules for prisoner civil rights cases); *Currier v.

Doran*, 242 F.3d 905, 911-17 (10th Cir. 2001) (rejecting heightened pleading).

10

Despite the actions of its sister circuits, the Eleventh Circuit has not directly addressed the implications of *Swierkiewicz* and *Crawford* on the heightened pleading standard in section 1983 cases involving qualified immunity and has continued to uphold its earlier articulated heightened pleading standard. *See Swann v. Southern Health Partners*, 388 F.3d 834 (11th Cir. 2004) (decided after both *Swierkiewicz* and *Crawford-El* and reaffirming heightened pleading in section 1983 cases that do not involve municipalities or other parties not eligible for qualified immunity); *see also Lawson v. Curry*, 244 Fed. Appx. 986 (11th Cir. 2007) (reaffirming *Swann*); *Weissman v. NASD*, 500 F.3d 1293 (11th Cir. 2007) (Tjoflat, J., dissenting) ("The use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity, but at the very least, this circuit applies a heightened pleading standard in complaints alleging § 1983 claims against entities who may raise qualified immunity as a defense (e.g., government officials sued in their individual capacities).").[4]

This court is bound to follow the law of the Eleventh Circuit as articulated in *Swann* absent direct authority from the United States Supreme Court to the contrary. This court finds no Supreme Court authority directly overruling *Swann*; therefore, this court will require more than mere vague and conclusory notice pleading of Plaintiff's section 1983

---

[4]The Eleventh Circuit is clearly aware of the contrary argument. *See Marsh v. Butler County*, 268 F.3d 1014, 1060 n.1 (11th Cir. 2001) (Barkett, J., concurring) (rejecting heightened pleading standard on the basis of Supreme Court's decision in *Crawford-El*).

claims and will require Plaintiff to "allege the relevant facts with some specificity."

*Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

**B.      The Sufficiency of Plaintiff's Complaint**

The court will address the problems with Plaintiff's complaint generally, specific problems with respect to each group of Defendants, and Plaintiff's articulation of her claims under the Fourteenth Amendment.

**1.      Generally**

The court finds three overarching problems with Plaintiff's complaint.  First, Plaintiff's complaint contains very little factual detail.  Plaintiff's complaint has one paragraph describing the facts underlying her complaint; this paragraph is an excerpt from Defendant Ridge's police report.  This paragraph offers very little information as to why the Defendants were at her home.  Plaintiff's complaint states that (1) her arrest for simple battery "was to settle a civil dispute"; (2) Defendant knocked on her door to speak to her "about the incident"; (3) Ms. Nash was on the porch with Defendant Ridge "so that [they] could properly sort out the dispute."  (Cmplt. ¶ 20).  This court is unclear as to who Ms. Nash is, what kind of dispute, if any, she had with the Plaintiff, and how the Defendants became involved.  The paragraph likewise offers no information about Plaintiff's "arrest," and the excerpt from Defendant Ridge's report ends with Defendants Algeo and Wagaman

making a forced entry into Plaintiff's home through the front door and Plaintiff attempting to flee out the backdoor.

Second, Plaintiff's complaint names six defendants but fails to fully explain who these defendants are and what role they played in the actions leading to her complaint. Plaintiff's complaint states that she was arrested by "the Defendants named herein" and that "these Defendants" illegally searched her home. The court only learned that Defendants were Atlanta Police Department employees via the Defendants' Motion to Dismiss. Third, Plaintiff's complaint is an example of "shotgun pleading." Plaintiff incorporates the factual account of paragraph 20 to plead her five causes of action under state law. Plaintiff makes no effort to match specific defendants and specific facts with each cause of action.

## 2.    Individual Defendants

The court finds three clear categories of Defendants in Plaintiff's complaint: (1) those Defendants Plaintiff describes as participating in the forced entry of her home; (2) those Defendants Plaintiff mentions as present; and (3) those Defendants Plaintiff does not identify by name anywhere in her complaint. Plaintiff's complaint identifies Defendant Wagaman and states that he stood on the front porch with Defendant Ridge and kicked in Plaintiff's door to make a forced entry into her home. Plaintiff's complaint identifies Defendant Algeo and states that he spoke with Plaintiff through the door; asked her to cooperate; warned her that if she did not he would make a force entry; and kicked down the

13

door and entered.  Plaintiff's complaint does not specify how Defendants Wagaman and

Algeo were involved in Plaintiff's arrest.  The court finds that Plaintiff has provided enough

information about these Defendants to give them some notice as to her complaints against

them.  Defendants, themselves, concede in their reply brief that Plaintiff has sufficiently

stated claims against these individuals:

> Plaintiff's Fourth Amendment claims against Sgt. Algeo and Officer
> Wagaman do set forth a plausible claim, therefore Defendants' motion to
> dismiss Plaintiff's Fourth Amendment claims is drafted specifically with
> regards to Sgt. Webb, Ms. Cain, Officer Ridge, and Officer Jordan.  Federal
> law claims against Sgt. Algeo and Officer Wagaman will be addressed in a
> motion for summary judgment.

(Reply, at 7).

Plaintiff's complaint identifies Defendants Ridge and Jordan.  The complaint states

that Defendant Ridge stood on Plaintiff's front porch; asked to come inside and speak with

her; told her he would make a forced entry into her home if she did not cooperate; and called

his supervisor upon her request.  Plaintiff's complaint states that Defendant Jordan arrived

on the scene with Defendant Algeo.  Plaintiff's complaint does not, however, specify how

Defendants Ridge and Jordan were involved in Plaintiff's arrest "without a warrant or

probable cause for simple battery and obstruction of an officer" or the illegal search of her

home "without a warrant and without probable cause."  Therefore, Plaintiff appears to be

alleging that Defendants Ridge and Jordan are liable based on their mere presence at the

14

scene. (Response, at 13) ("It has long been clear . . . that all the parties to an illegal arrest are liable.").

Plaintiff bases her contention that all the Defendants are liable on *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963), which involved the arrest, imprisonment, and prosecution of a number of white citizens for disturbing the peace while peacefully eating lunch with black citizens. There, the Fifth Circuit addressed the individual liability of each officer and stated:

> [E]ach of the three defendants -- Sullivan, Ruppenthal and Alford -- acted as one. Although there was no prior plan devised to bring about the arrest and imprisonment of the plaintiffs, each of the three had a substantial role in bringing about the results. This was an instance of the typical "chain of command," Sullivan indicating to Ruppenthal that the Plaintiffs should be removed from the café, Ruppenthal giving the authoritative commands constituting the arrest, and Alford providing the essential transportation at the direction of Ruppenthal. Their actions throughout the whole sequence of events are so intertwined and interlocking that these Defendants must fall together.

318 F. 2d at 119.

Plaintiff asks the court to compare *Nesmith* to *Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980), which involved a suit by a number of beachgoers who were arrested and jailed on charges of disorderly conduct and public intoxication during a confrontation with police. There, the jury made specific findings about which officers had conducted which arrests. In deciding not to hold one officer liable for the damages resulting from an arrest made by another, the court stated:

15

> To hold Saldivar liable for Officer Maddox' actions without any indication that he was involved in those actions would subject a police officer involved in a group arrest or confrontation to an intolerable burden liability for any unconstitutional act committed by any one of his colleagues, regardless of his own lack of participation in those acts. Certainly there are instances, such as the "chain of command" situation in *Nesmith*, in which imposing liability for another's action is appropriate, but the instant case is not one of them.

621 F.2d at 1339.

Here, Plaintiff's limited factual account of the actions of Defendants Ridge and Jordan does not indicate whether these officers, acting under Defendant Algea's chain of command, had a "substantial role in bringing about" Plaintiff's arrest and the search of her home.

Plaintiff extends her "presence" argument against Defendants Jordan and Ridge by arguing that these Defendants are liable because they stood by while the door was kicked in. Plaintiff relies upon *Fundiller v. Cooper City*, 777 F.2d 1436 (11th Cir. 1985). There, Fundiller filed a section 1983 action against all the officers present during a drug sting in which one officer shot him multiple times without provocation. 777 F.2d at 1388. After Fundiller had been shot, a number of officers dragged him from his car, left him face down on the ground with his hands shackled behind him, and shouted obscenities. *Id.* at 1441. Fundiller's complaint did not indicate which officers were responsible for which actions. *Id.* The court refused to dismiss any of the officers and held:

> It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an

AO 72A
(Rev.8/82)

> officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for nonfeasance.

*Id.* at 1441-42.

Plaintiff contends that the holding in *Fundiller* is applicable to her case even though she alleges improper arrest and search rather than excessive force. The Eleventh Circuit has not directly addressed the scope of *Fundiller*. The Eleventh Circuit has implied that *Fundiller* does not apply to all section 1983 actions. *See Jones v. Cannon*, 174 F.3d 1271 (11th Cir. 1999) (addressing qualified immunity and clearly established law). *Jones* involved a fabricated confession and a warrantless arrest. The Eleventh Circuit refused to deny an officer qualified immunity for not investigating whether the confession in the arrest warrant was false and stated, "[w]hile officers have been subject to liability for failing to intervene when another officer uses excessive force, there is no previous decision from the Supreme Court or this Circuit holding that an officer has a duty to intervene and is therefore liable under the circumstances presented here." *Id.* at 1286. District court opinions within this Circuit provide little clarity. *Compare Nicolson v. Moates*, 159 F. Supp. 2d 1336, 1356 (M.D. Ala. 2001) ("[E]ven assuming that an unlawful seizure of property can give rise to liability under a [*Fundiller*] 'nonfeasance' theory, the Plaintiff has pointed to no, and the court is not aware of any, Eleventh Circuit precedent applying a nonfeasance theory outside the context of an excessive force case."), *with Sims v. Forehand*, 112 F. Supp. 2d 1260, 1274

17

(M.D. Ala. 2000) ("The law was clearly established in May 1996 that law enforcement officers who are present at the scene and observe another officer violate an individual's constitutional rights [via an unwarranted strip search] may be held liable under § 1983 for 'nonfeasance.'"), *and Sims v. Glover*, 84 F. Supp. 2d 1273, 1282 (M.D. Ala. 1999) ("The court notes that law enforcement officers . . . who are present at the scene and observe another officer violate an individual's constitutional rights [including the right to be free of an unreasonable search] may be held liable under § 1983 for 'nonfeasance.'"). On the basis of this case law, it is unclear whether this court may apply a theory of nonfeasance to the instant case.

Moreover, even if this court were to adopt such a theory, it is unclear whether Plaintiff has alleged sufficient facts for the court to determine whether Defendants Ridge and Jordan could be held liable under such a theory. *See Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (indicating the officer must be in a position to intervene and refuse to do so); *Riley v. Newton*, 94 F.3d 632, 635 (11th Cir. 1996) (indicating that officers must have reasonable steps available to them to intervene). In other cases decided under *Fundiller*, plaintiffs have alleged facts about what the accused officers were doing and where they were physically located during the alleged unconstitutional conduct. In *Priester* a plaintiff accused an officer of standing by while another officer allowed him to be attacked by a police dog. The facts before the court showed that the accused officer had a flashlight,

watched the entire event which could have lasted as long as two minutes, and was in voice contact of the officer in charge of the dog. The court found that a reasonable jury could have concluded that he was in the position to intervene and did not do so. In *Riley*, a plaintiff who suffered a gunshot wound from an officer's gun during a drug stop, accused the other officer on the scene of nonfeasance. The facts before the court showed that the accused officer was on the other side of the truck when the gun went off and had seen no use of excessive force before the shot. The court found the accused officer had no reasonable opportunity to protect the plaintiff and thus no obligation to take steps to do so. In *Ensley v. Soper*, 142 F.3d 1402 (11th Cir. 1998), the court found that an accused officer had no opportunity to intervene in another officer's beating because the facts illustrated that at the time the beating occurred the accused officer was arresting another individual. Plaintiff has not alleged any facts about the physical location or circumstances of officers Jordan or Ridge from which the court could determine that Defendants were on the scene with reasonable steps available to them to intervene and refused to do so. The court cannot make a Rule 12(b)(6) determination at this time as to Officer Jordan and Ridge.

Plaintiff has made absolutely no mention of Defendants Cain and Webb in her complaint, and the court finds that even under the liberal notice pleading standards of Rule 8, Plaintiff has not articulated enough facts regarding these Defendants "to state a claim to relief that is plausible on its face" and has given these Defendants no notice as to their

involvement in the actions of which she complains.  The court DISMISSES Defendants Cain and Webb from this action.

### 3.    Fourteenth Amendment Claims

In her complaint, Plaintiff has alleged that her arrest and the search of her home violated the Fourth and Fourteenth Amendments of the United States Constitution. Defendants contend that Plaintiff's Fourteenth Amendment claims should be dismissed because Plaintiff's claims are only cognizable under the Fourth Amendment.   Under *Graham v. Connor*, 490 U.S. 386 (1989), "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Albright v. Oliver*, 510 U.S. 266 (1994).

The court applied this rule in *Barnette v. Phenix City*, 2006 U.S. Dist. LEXIS 14783 (M.D. Ala. Mar. 15, 2006).  There, law enforcement officials entered a residence without warning, consent, or a warrant; the officers broke down the door and launched an explosive device into the home while wearing masks and assault gear and carrying weapons.  2006 U.S. Dist. LEXIS 14783, at * 4-5.  The officers held the plaintiffs to the ground with weapons before they left, having determined that the people they were looking for were not in the house.  *Id.*  The plaintiffs filed suit alleging false arrest and unlawful search and

seizure along with a number of other claims. *Id.* at *6. The defendants moved to dismiss Plaintiff's claims under the Fourteenth Amendment arguing that they would be better analyzed under the Fourth. The court dismissed the Fourteenth Amendment claim and found that the plaintiff's search and seizure and property damage claims could be adequately addressed under the Fourth Amendment. The Fourth Amendment clearly protects individuals from unlawful search and seizure and arrest. Plaintiff's claims are cognizable under the Fourth Amendment, and the court will DISMISS Plaintiff's Fourteenth Amendment claims.

### C.     Plaintiff's Motion to Amend [11]

Plaintiff moves the court for leave to amend. The court finds Plaintiff's original complaint as a whole to be an insufficient "shotgun" pleading. *See Magluta v. Samples*, 256 F.3d 1282 (11thCir. 2001) (discussing shotgun pleadings as pleadings which make no distinctions among the actions of individual defendants or in which each court incorporates by reference all the factual allegations). Plaintiff has not plead her state law claims sufficiently under Fed. R. Civ. P. 8(a) and has certainly not plead her section 1983 claims with "factual detail." The factual recitation in Plaintiff's complaint is drawn completely from Officer Ridge's report, and Plaintiff herself has provided no additional factual details. The court could certainly benefit from additional information. Plaintiff's Amended Complaint does nothing to correct these deficiencies and merely includes changes to the

paragraphs incorporated by reference in paragraphs 23, 29, 31, 33, and 35 and adds one sentence following Plaintiff's allegation of punitive damage in paragraph 27 which states: "Defendants' actions manifested an actual intent to cause harm." Under Rule 15(a) of the Fed. R. Civ. P., leave to amend "shall be freely given when justice so requires," and there must be some substantial reason such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, to justify denying a motion to amend. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Here, Defendants state simply that the court should not allow Plaintiff to amend because she is adding no new allegations in her amended complaint and it would place a burden on Defendants by obligating them to respond.

Plaintiff filed the instant Motion to Amend more than two weeks after Defendants filed their Motion to Dismiss and two days after Plaintiff filed her own response to it. Defendants' Motion to Dismiss notes that (1) Plaintiff's complaint does not address how Defendant Cain participated in any way in the incident in question; (2) Plaintiff's allegations fail to satisfy the pleading requirements of Rule 8; (3) Plaintiff does not allege Defendant Webb was present during the incident; (4) Plaintiff does not allege that Defendant Ridge participated in the forced entry of Plaintiff's home; (5) Plaintiff does not allege that Defendant Jordan did anything other than be present at the location; and (6) Plaintiff does not describe who Mrs. Nash is or the details behind the "arrest for simple battery" or the

"civil dispute." Despite the numerous pleadings concerns raised by Defendants' motion, Plaintiff does not provide any additional factual detail about her claims in her response to Defendants' motion to dismiss or in her amended complaint. Plaintiff's amended complaint falls far short of what is required under Fed. R. Civ. P. 8, does not cure any of the deficiencies of Plaintiff's original complaint, and would still be subject to dismissal. As such, the court finds it would be futile to grant Plaintiff's Motion to Amend. Plaintiff's Motion to Amend [11] is DENIED.

### D. Defendant's Motion to Dismiss [7]

Defendants asked the court to dismiss Plaintiff's Fourteenth Amendment claim because it is more probably cognizable under the Fourth Amendment. The court has done so above. Defendants asked the court to dismiss Defendant Cain because she is mentioned nowhere in the complaint. The court has done so above. Defendants moved the court to dismiss Plaintiff's claims against Defendants Webb, Ridge, and Jordan on qualified and official immunity grounds. The court has dismissed Defendant Webb for the reason stated above. The court can make no findings at this time as to whether Defendants Ridge and Jordan are entitled to immunity. The court had noted above that it simply does not have enough factual information to resolve the matter. The court dismisses Plaintiff's claims against Defendants Ridge and Jordan as insufficiently pled.

AO 72A
(Rev.8/82)

Defendants did not move the court to dismiss Plaintiff's federal claims against Defendants Wagaman and Algeo and these claims remain in this matter. Defendants contend they will address these claims on summary judgment. Defendants did ask the court to dismiss Plaintiff's state law claims against Defendants Wagaman and Algeo on the basis of official immunity. As the court has stated above, Plaintiff's complaint is blatant "shotgun pleadings." Plaintiff's allegations of false imprisonment, intrusion on Plaintiff's seclusion and solitude, and invasion of property rights are nothing more than bare allegations without specific facts or specific allegations against each or any Defendant. The court might address such deficiency in pleading by requiring Plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e). Plaintiff has made clear through her amended complaint, however, that repleading would be of no use here. As such, the court dismisses Plaintiff's state law claims against Defendants Wagaman and Algeo under Fed. R. Civ. P. 8.

## III. Conclusion

The court DENIES Plaintiff's Motion to Amend [11]. The court GRANTS Defendants' Motion to Dismiss [7]. The only claim remaining in this matter is Plaintiff's Fourth Amendment claim against Defendants Algeo and Wagaman. The court DIRECTS Defendants to proceed to summary judgment on these claims.

**IT IS SO ORDERED** this 27th day of March 2009.

24

_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)