# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Deborah Schowalter,

    Plaintiff,

v.

L. H. Wagaman, et al.,

    Defendant.

CIVIL ACTION NO.
1:08-cv-00264-JOF

## OPINION & ORDER

This matter is before the court on Plaintiff's motion to alter or amend [15].

**I.  Background**

    **A.  Factual and Procedural History**

Plaintiff Deborah Schowalter sued Defendants E.A. Ridge, L.H. Wagaman, J.D. Webb, M.D. Cain, Officer Jordan, and Sergeant Algeo for violations of her constitutional rights pursuant to § 1983, violations of her rights under the Georgia constitution, and other alleged tortious behavior. Plaintiff was arrested by City of Atlanta police on January 28, 2006 for simple battery and obstruction of justice. According to Plaintiff's complaint, Officer Ridge came to her door and asked her to come outside to discuss a "civil dispute." The complaint does not state what the dispute involved. Plaintiff would not open the door, and Officer Ridge informed her that he would have to make a forcible entry if she refused

to cooperate. Plaintiff continued her refusal and said she was going to "call a supervisor to the scene." (Compl. ¶ 20). In response, Officer Ridge called his supervisor Sergeant Algeo and asked him for assistance. Sergeant Algeo arrived at the scene accompanied by Officer Jordan. Sergeant Algeo knocked on Plaintiff's door, and she again refused to open the door and speak to the officers. Sergeant Algeo told Plaintiff that he was going to have to make a forcible entry, but Plaintiff still failed to open the door. Sergeant Algeo and Officer Wagaman then kicked Plaintiff's door open. Plaintiff grabbed her car keys and headed toward the back door of the house. It is out of this incident that Plaintiff's claims arise.

Plaintiff filed her complaint on January 14, 2008, in which she alleges causes of action under both federal and state law. She first asserts that her arrest for obstruction and battery violated both her Fourth and Fourteenth Amendment rights because the arrest was done without a warrant or probable cause. Next, Plaintiff contends that her home was illegally searched without a warrant or probable cause in violation of her right to be free of unreasonable search and seizure under the Fourth Amendment. Plaintiff also avers that her arrest violated Article I, Section I, Paragraphs 1 and 13 of the Georgia constitution and that the search violated Article I, Section I, Paragraph 13 of the Georgia constitution. Additionally, Plaintiff claims that Defendants falsely imprisoned her, unlawfully intruded upon her seclusion, and unlawfully interfered with and invaded her rights in her home. She requests actual damages, attorney fees, costs, and punitive damages for what she refers to

2

as Defendants' "callous or reckless indifference to her constitutional rights" and "willful misconduct, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences." (Compl. ¶¶ 16, 27).

On March 20, 2008, Defendants answered Plaintiff's complaint asserting that the complaint did not state a claim on which relief could be granted, that most of the Defendants were entitled to qualified and/or official immunity, and that Defendants acted in good faith. Defendants filed a motion to dismiss on March 30, 2008, and Plaintiff filed a motion to amend on April 9, 2008. This court granted Defendants' motion to dismiss and dismissed Defendants Cain, Webb, Jordan, and Ridge for insufficient pleading. Plaintiff's Fourteenth Amendment claim was dismissed because the claim was cognizable under the Fourth Amendment. Finally, this court denied Plaintiff's motion to amend because the proposed amendments failed to cure any of the pleading deficiencies in the original complaint.

**B.  Contentions**

Plaintiff requests that this court alter or amend its previous order, which the court construes as a motion for reconsideration. Plaintiff does not state what part of our decision she wants reconsidered. However, her motion solely addresses the heightened pleading standard the Eleventh Circuit applies to cases brought against individuals under § 1983. Therefore, this court will only address the parts of its order that pertained to that pleading

3

standard: the dismissal of Defendants Cain, Webb, Jordan, and Ridge, and the denial of Plaintiff's motion to amend.

Plaintiff contends that while this court correctly recognized that the Eleventh Circuit applies a heightened pleading standard to § 1983 cases against individuals, "the Court has misinterpreted that standard." (Docket Entry [15], 1). Plaintiff cites an Eleventh Circuit case decided in February of 2009, *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170 (11th Cir. 2009). Plaintiff suggests that "her complaint provides as much factual detail as the *Amnesty* complaint," requesting that the court reconsider its order on that basis. (Docket Entry [15], 4). Defendant, on the other hand, argues that Plaintiff's case and *Amnesty* are distinguishable in that the *Amnesty* complaint clearly identifies the defendants and their specific conduct while Plaintiff "does not clearly identify the majority of Defendants or what they are alleged to have done." (Docket Entry [16], 3).

## II. Discussion

Under Rule 59(e), the decision of whether to alter or amend a judgment is committed to the sound discretion of the district court. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996). The local rules of the court provide that motions for reconsideration shall not be filed as a matter of routine practice. Local Rule 7.2(E), N.D. Ga. A motion for reconsideration should only be granted where there is discovery of new evidence, an intervening change in the controlling law, or the need to correct a clear error. *See Deerskin*

4

*Trading Post, Inc. v. United Parcel Serv.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) (Hull, J.). Here, Plaintiff does not state the grounds on which her motion for reconsideration is based. Plaintiff is not offering new evidence, and *Amnesty* was decided by the Eleventh Circuit prior to this court issuing its order dismissing Defendants Cain, Webb, Ridge, and Jordan, and therefore, cannot be considered intervening law. Reading Plaintiff's motion broadly, the court assumes Plaintiff is contending that this court made a clear error based on *Amnesty*, which the court must correct in order to prevent a manifest injustice.

**A.** *Amnesty*

In *Amnesty*, the plaintiff "planned to hold a [protest] demonstration and rally," and applied for and received the appropriate permit from the City of Miami Police Department. 559 F.3d at 1175. The City of Miami Police Department expected the rally to draw a large number of people and therefore developed a security plan, enlisting the help of other neighboring jurisdictions. *Id*. One of the only two defendants was a supervising officer with the City of Miami Police Department, while the other defendant was from the Miami-Dade Police Department—one of the jurisdictions enlisted to aid the City of Miami Police Department. *Id*. Once the rally started, the defendants "directed their subordinate officers to create a police cordon" close to the area where the rally was being held. *Id*. People tried to join the rally but were prevented from doing so by defendants' officers. *Id*. Those outside the cordon could not see or hear the demonstration because of where the cordon was

AO 72A
(Rev.8/82)

positioned. *Id*. Furthermore, members of the plaintiff's organization tried to pass out literature to members of the crowd but were kept from doing so by defendants' subordinate officers. *Id*.

The plaintiff sued the defendants pursuant to § 1983 for violation of its First and Fourteenth Amendments. *Amnesty*, 559 F.3d at 1176. The *Amnesty* complaint alleged that Defendant Battle was a major in the Miami-Dade Police Department, and that Defendant Cannon was a captain in the City of Miami Police Department. Complaint at ¶¶ 6-7, *Amnesty*, 559 F.3d 1170 (11th Cir. 2009) (No. 07-12442). The complaint further stated that the defendants were "supervisory police officers who supervised police officers in the downtown area of Miami" on the day in question. *Id*. at ¶ 19. The plaintiff's complaint also alleged "the Defendants directed police officers whom they supervised to prevent the Plaintiff's demonstration and to permit no one to gather for the demonstration" in violation of the plaintiff's First and Fourteenth Amendment rights. *Id*. at ¶ 22. Finally, the plaintiff's complaint averred that the defendants were aware of the plaintiff's constitutional rights, knew those rights were clearly established, knew that their efforts would violate those rights, and that the defendants intended to violate those rights. *Id*. at ¶ 23.

The district court granted the defendants motion to dismiss, holding that the plaintiff failed to meet the heightened pleading requirement of § 1983 actions against individuals. *Amnesty*, 559 F.3d at 1176. The plaintiff appealed, and the Eleventh Circuit concluded that

the plaintiff's complaint was in fact properly pled. *Id*. at 1179. The complaint alleged that the police cordon, set up by the defendants, ruined the rally by preventing people from seeing and hearing the rally, or receiving literature from the plaintiff, in violation of the plaintiff's First and Fourteenth Amendment rights. *Id*. at 1180. Based on that, the Eleventh Circuit held the complaint was sufficiently pled because the defendants could "understand what alleged rights were violated (the right to hold a peaceful protest with an audience and the right to pass out leaflets) and which of their actions allegedly violated those rights (. . . ordering their subordinates to create a police cordon which interfered with the rally and the distribution of leaflets)." *Id*.

### B. Defendants Cain and Webb

Defendants Cain and Webb were dismissed for Plaintiff's failure to properly plead. In fact, this court found that Plaintiff's pleadings would not have reached the normal Rule 8 standard for pleading, much less the heightened pleading requirement imposed under § 1983 in cases against individuals. Plaintiff named Defendants Cain and Webb, but then never again refers to them individually or describes any action or inaction on their part. There is no indication these individuals were even present at the time of the alleged incident except for Plaintiff's general averments against all "Defendants."

Plaintiff argues that in *Amnesty* "there are two defendants named in the style and in paragraphs six and seven" who are never again mentioned in the body of the complaint.

7

However, this characterization is incorrect. As Plaintiff herself notes in her brief, the two defendants, who were the only defendants, are actually mentioned again in four more paragraphs. Complaint at ¶¶ 19-20, 22-23, *Amnesty*, 559 F.3d 1170 (11th Cir. 2009) (No. 07-12442). Not only are the defendants in the *Amnesty* complaint mentioned again, but the complaint states the actions the defendants took which allegedly violated the plaintiff's rights, and which rights those actions allegedly violated. Plaintiff's complaint does not compare to the *Amnesty* complaint as Plaintiff has failed to state any facts regarding the involvement of Defendants Cain and Webb. As such, Plaintiff has not shown clear error. Plaintiff's motion for reconsideration as to Defendants' Cain and Webb is DENIED.

### C. Defendants Jordan and Ridge

Defendants Jordan and Ridge were also dismissed for failure to properly plead. Again, Plaintiff alleges that her complaint is as factually complete as the *Amnesty* complaint. But again, the court disagrees. Plaintiff failed to allege sufficient facts in her complaint regarding any action or inaction on the parts of Defendants Jordan or Ridge that violated her rights. All the complaint alleges is that they were present on the scene and that Defendant Ridge was the officer who originally asked Plaintiff to come speak to him on her front step. This court stated in its previous order the reasons why this is not sufficient. The complaint in *Amnesty* alleged both the specific actions taken by the defendants which allegedly violated the plaintiff's rights, and which rights those actions allegedly violated. *Amnesty* is

8

inapposite to the present case, and it has no effect on this court's previous order. Plaintiff's complaint does not enable Defendants Jordan or Ridge to determine what action or inaction they took that violated her rights. As the only basis for Plaintiff's motion for reconsideration is a comparison of *Amnesty* to the present case, Plaintiff has not shown that the court's decision dismissing Jordan and Ridge was clear error. Plaintiff's motion for reconsideration as to Defendants' Jordan and Ridge is DENIED.

### D. Plaintiff's Motion to Amend

This court denied Plaintiff's motion to amend because Plaintiff's amended complaint failed to correct the deficiencies in pleading regarding Defendants Jordan, Ridge, Webb, and Cain. Because Plaintiff has not shown that this court made a clear error when it dismissed those Defendants for failure to plead, Plaintiff has also not shown that the denial of her motion to amend her complaint was clear error. Assuming Plaintiff wanted the court to reconsider its order denying her motion to amend, Plaintiff's motion for reconsideration is DENIED.

### III. Conclusion

The court DENIES Plaintiff's motion for reconsideration.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 14th day of September 2009.


                              /s  J. Owen Forrester
                              J. OWEN FORRESTER
                     SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)